UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRY WILLIAM SCHWANKE,<br><br>   Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>TRANSITIONAL ASSISTANCE,<br><br>   Defendant. | Civil No. 10-4546 (MJD/LIB)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Plaintiff alleges that in February 2010, he moved from Massachusetts to Minnesota. (Complaint, [Docket No. 1], p. 4, § 7.) Prior to moving to Minnesota, Plaintiff had been receiving support from the State of Massachusetts through a food stamp program. (Id.) In March 2010, Plaintiff applied for food stamp assistance in Minnesota. At that time, he allegedly returned his "food support EBT card back to the Massachusetts Department of Transitional Assistance," which is the named Defendant in the present lawsuit. (Id.) Plaintiff alleges that Defendant "neglected to cancel the EBT card and they continued to issue food support benefits" for the period of March 2010 through June

2010. (Id.)

According to the present Complaint, the State of Minnesota has claimed that Plaintiff "received an overpayment" – presumably meaning that Plaintiff allegedly received food stamp support from both Minnesota and Massachusetts from March 2010 to June 2010. Plaintiff claims that he "should not be held liable for the neglect of the state agency in Massachusetts for failure to close this EBT card and an overpayment of $800.00 that I have not used or benefited [sic] from." (Id.)

Plaintiff is not seeking money damages in this action. He is seeking only an injunctive or declaratory judgment that would formally absolve him of any liability for the alleged overpayment of benefits that is described in his Complaint. (Id., "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted, or if the applicant is attempting to sue a party who is legally immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the only named Defendant is the "Massachusetts Department of Transitional Assistance," which is expressly identified as an agency of the State of Massachusetts. Because Defendant is a state agency, it is constitutionally immune from suit in federal court. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). The Eleventh Amendment to the Constitution prohibits individuals from suing states and their

2

agencies in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's Complaint includes no allegations suggesting that the State of Massachusetts has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate Defendant's constitutional immunity. Therefore, the named Defendant is immune from Plaintiff's current lawsuit under the Eleventh Amendment.

Because the sole Defendant in this case is immune from being sued in federal court, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2).[1]

## III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

---

[1] The Court is not unsympathetic to the claim that Plaintiff is attempting to bring in this case, and the Court does not mean to suggest that the claim is meritless. The Court is simply ruling that Plaintiff cannot sue a state agency in federal court, (accept as noted in the text). It might behoove Plaintiff to contact an attorney in order to determine whether there is some other more feasible way to secure the relief he is seeking. Given Plaintiff's financial circumstances, (as disclosed in his IFP application), it appears that he might be eligible for free legal assistance through the Legal Aid Society, the Volunteer Lawyers Network, a law school clinical program, or some other organization that can provide legal aid to low income individuals.

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

s/ *[signature]*
Leo. I. Brisbois
U.S. MAGISTRATE JUDGE

Dated: November 29, 2010

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 13, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.